# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, BROOMFIELD COUNTY, COLORADO<br>Court Address:   17 Descombes Dr.<br>              Broomfield, CO 80020<br>Phone:        (303) 464-5020 | |
| **Plaintiff:**  **LASER CONCEPTS, INC.,** a Colorado corporation<br><br>**v.**<br><br>**Defendant:**  **UPS GROUND FREIGHT, INC.,** a Virginia corporation; and **UNISHIPPERS GLOBAL LOGISTICS, LLC,** a Utah limited liability company | **COURT USE ONLY** |
| Attorneys Name and Address:<br>Aaron W. Barrick, #27981<br>Lauren O. Patton, #50720<br>FOLKESTAD FAZEKAS BARRICK & PATOILE, P.C.<br>Attorneys for Plaintiff<br>18 S. Wilcox Street, Suite 200<br>Castle Rock, CO 80104<br>(303) 688-3045 | Case Number:<br>  2020CV30206<br><br><br>Division: |
| **VERIFIED COMPLAINT** | |

**PLAINTIFF,** Laser Concepts, Inc., a Colorado corporation (hereafter "Plaintiff"), by and through its attorneys, FOLKESTAD FAZEKAS BARRICK & PATOILE, P.C., respectfully submits this Verified Complaint, and in support thereof, states as follows:

### JURISDICTION AND VENUE

1.     Plaintiff is a Colorado corporation with a principal office located at 6901 W. 117th Ave., Unit 4, Broomfield, Broomfield County, Colorado 80020.

2.     Defendant UPS Ground Freight, Inc. (hereafter "Defendant UPS") is a Virginia corporation with its registered agent as the Corporation Service Company located at 1900 W. Littleton Blvd., Littleton, Colorado 80120.

3.     Defendant Unishippers Global Logistics, LLC (hereafter "Defendant Unishippers") is a Utah limited liability company with a principal office located at 7158 S Flsmidth Drive, Suite 200 Midvale, Utah 84047. Defendant Unishippers also has a local office located at 1720 South Bellaire Street, Suite 1020, Denver, Colorado 80222.

4.     Jurisdiction is proper in the State of Colorado as the matter concerns a party who conducts business and is located within the State of Colorado.

5.　　Venue is proper in the District Court of the County of Broomfield, State of Colorado, because the dispute concerns a contract for services in which the goods were to be delivered in the County of Broomfield, Colorado.

## GENERAL ALLEGATIONS

6.　　Plaintiff is in the business of providing and selling 3D printing services.

7.　　Plaintiff purchased a commercial 3D Printer (hereafter the "3D Printer") from Tram, Inc. to produce and sell 3D products.

8.　　The 3D Printer is valued at approximately $100,000.00.

9.　　Plaintiff contracted with Defendant Unishippers as a shipping service provider to secure and ship the 3D Printer to Plaintiff. Upon information and belief, Defendant Unishippers retained the services of Defendant UPS to assist with the protecting, shipping and delivering of the 3D Printer to Plaintiff.

10.　　Plaintiff paid $590.12 for the shipping service brokered by Defendant Unishippers and provided by Defendant UPS. Plaintiff also purchased the crate from the manufacturer as part of the purchase of the 3D Printer.

11.　　In November 2019, Defendants picked up the 3D Printer from Tram, Inc. to deliver the 3D Printer to Plaintiff.

12.　　The 3D Printer was in good conditions when received by Defendants.

13.　　Defendants were required to deliver the 3D Printer entrusted to them in the same condition as received.

14.　　Four days later, the partially crated 3D Printer was delivered to Plaintiff. Plaintiff observed the partially crated 3D Printer still on the Defendants' vehicle. The crate, purchased by Plaintiff from the manufacturer for the specific use of transporting and protecting the 3D Printer, was visibly damaged and one entire side of the crate was missing. *See* photographs, attached hereto as **Exhibits 1A-1C**.

15.　　It should be noted that the delivery of the 3D Printer should have included a second pallet. The second, and missing, pallet contained the power unit of the 3D Printer.

16.　　Plaintiff refused to accept the 3D Printer as the crate and product were visibly damaged. Plaintiff documented the damage through photographs and was informed by an agent of the Defendants that the damage would be noted on the Bill of Lading. *See* Bill of Lading, attached hereto as **Exhibit 2**.

17.　　After taking pictures of the significant damage and being reassured that the damage

was noted on the Bill of Lading, Plaintiff signed for and accepted the shipment.

18.     Relying upon Defendants' assurances that the damage was noted and that they would take responsibility for it, Plaintiff signed for the shipment and began assessing the damage.

19.     A few days later, the second pallet was finally discovered by Defendants and delivered to Plaintiff.

20.     The second pallet contained the power unit to the 3D Printer.

21.     The crate purchased with the 3D Printer was significantly damaged, with one entire side missing. The crate was purchased to facilitate other, future transports of the 3D Printer. The estimated cost in replacing the crate is in the amount of $2,250.00

22.     Plaintiff quickly assessed the damage to the 3D Printer within the crate and determined that the damage caused by the lack of proper shipment made the 3D Printer inoperable.

23.     Plaintiff contacted Defendants regarding the damage and notified them that the 3D Printer must be repaired quickly as Plaintiff was losing profits with an unusable 3D Printer.

24.     Plaintiff was told to follow the claims procedure, and again, was reassured by an agent of Defendants that the claim would be swiftly processed, and Plaintiff would receive funds for repairing or replacing the damaged 3D Printer.

25.     While waiting for Defendants to process the claim, Defendants instructed Plaintiff not to repair the 3D Printer while waiting for the claim to process. Plaintiff continued to lose profit as it was unable to produce product from the 3D Printer.

26.     Defendants had a duty to ship and handle the 3D Printer with reasonable care and supervision.

27.     Defendants' breached said duty by failing to take reasonable care in shipping and handling the 3D Printer.

28.     Defendants' negligence has caused and continues to cause significant damages to Plaintiff.

29.     Not only does Plaintiff have a damaged, inoperable, 3D Printer, but Plaintiff continues to lose production value and profits due to the damaged 3D Printer.

30.     As a result of Defendants' negligence and Plaintiff's reliance upon Defendants' promises to repair or replace the damaged 3D Printer, Plaintiff has suffered damages in an amount to be proven at trial.

## FIRST CLAIM FOR RELIEF
### (Negligence Against All Defendants)

31.     Plaintiff incorporates the paragraphs above as if fully set forth herein.

32.     Defendants owed a duty to Plaintiff to conduct their operations and perform their serviced related to the shipment of products with due care, caution and skill and to otherwise act without negligence.

33.     Defendants owed a duty to Plaintiff to exercise reasonable care in their retention of employees and agents and in their supervision relating to the shipment of the product.

34.     Defendants breached these duties of care as set forth in more detail herein.

35.     Defendants' negligence has damaged the product shipped by Defendants causing Plaintiff resultant and consequential property and other damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract Against All Defendants)

36.     Plaintiff incorporates the paragraphs above as if fully set forth herein.

37.     The Bill of Lading contains an implied duty of good faith and fair dealing.

38.     By failing to ship the product with care and damaging the product, Defendants have breached the same.

39.     As a result of the above-mentioned breaches, Plaintiff has sustained damages for which Defendants are liable.

## THIRD CLAIM FOR RELIEF
### (Quantum Meruit Against All Defendants)

40.     Plaintiff incorporates the paragraphs above as if fully set forth herein.

41.     Defendants received the benefit of Plaintiff's monies under circumstances that would make it unjust for Defendants to retain the benefit without paying the reasonable value of the product resulting in damage.

42.     The reasonable value of the product damaged by Defendants is $102,250.00 plus shipping.

43.     As an alternative claim for relief, Plaintiff seeks judgment against the Defendants for the reasonable value of the product, plus shipping, pre-judgment and post-judgment interest, attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Promissory Estoppel Against All Defendants)

44.    Plaintiff incorporates the paragraphs above as if fully set forth herein.

45.    Defendants promised to provide shipping and handling with reasonable care and protection.

46.    Defendants further promised to account for and take responsibility for the damage caused by them during the shipping and handling of the 3D Printer.

47.    Defendants should have reasonably expected that Plaintiff would rely on Defendants' promises.

48.    Plaintiff relied upon said promises and not only entrusted the expensive 3D Printer in Defendants' care, but also signed off on the delivery of said 3D Printer when Defendants' promised to account for the damage.

49.    Injustice can be avoided only be enforcement of the promises made by Defendants as Plaintiff has sustained damages from relying upon Defendants' promises, for which Defendants are liable.

## FIFTH CLAIM FOR RELIEF
### (Violation of Interstate Commerce Act and the Carmack Amendment of 1906, 49 U.S.C. § 14701 et seq – Against UPS)

50.    Plaintiff incorporates the paragraphs above as if fully set forth herein.

51.    Defendant UPS provided transportation/shipping service to Plaintiff.

52.    Defendant UPS issued a receipt/bill of lading for the 3D Printer it received for transportation.

53.    Defendant UPS is in violation of the Interstate Commerce Act and the Carmack Amendment of 1906 for failing to deliver the 3D Printer in the same condition as it received the same and failing to compensate Plaintiff for its damages for said failure.

54.    Plaintiff is entitled to recover its damages under the bill of lading.

55.    Defendant UPS is liable to Plaintiff for damages caused by Defendant UPS in an amount to be determined at trial.

**WHEREFORE** Plaintiff, Laser Concepts, Inc., respectfully requests that the Court enter judgment against Defendants and in favor of Plaintiff on its above claims for relief in an amount of damages to be determined at trial, and for interest, attorneys' fees, costs and for other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 6ᵗʰ day of July, 2020.

> **FOLKESTAD FAZEKAS BARRICK &
> PATOILE, P.C.**
>
> ORIGINAL SIGNATURE ON FILE IN THE
> OFFICES OF FOLKESTAD FAZEKAS
> BARRICK & PATOILE, P.C.
>
> /s/ Lauren O. Patton
>
> **AARON W. BARRICK**, #27981
> **LAUREN O. PATTON**, #50720
> Attorneys for Plaintiff

Plaintiff's Address:
6901 W. 117th Ave., Unit 4,
Broomfield, Colorado 80020

6

## VERIFICATION

STATE OF COLORADO       )
                                  ) SS
COUNTY OF Broomfield      )

      I, Rich Yosha, the principal of Plaintiff, do hereby swear upon my oath that I have read the foregoing Verified Complaint, and that the matters contained therein are true and correct to the best of my knowledge, information and belief.

LASER CONCEPTS, INC.

By: _____
Rich Yosha, Principal of Laser Concepts, Inc.

      SUBSCRIBED AND SWORN to before me this 6 day of July, 2020 by Rich Yosha, Principal of Laser Concepts, Inc.

Witness my hand and official seal.

My commission expires: 8 6 2022

[SEAL] LISA L FLICK
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19984020173
MY COMMISSION EXPIRES AUGUST 6, 2022

_____
Notary Public

7







EXHIBIT 1C

183 394 606

| CONSIGNEE | | | | |
|---|---|---|---|---|
| LASER CONCEPTS | | 292541 UPGF | TRAM INC | |
| UNIT 4 | | FREIGHT BILL NUMBER | ALAN YEE | |
| 6901 W 117TH AVE | | 183 394 606 | 47200 PORT ST | |
| BROOMFIELD | CO 80020 | CITY RTE/BYO SCAC | DEST | PLYMOUTH | MI 48170 |
| 37098751 | (303)466-0900 | 047M | DVR | 24063470 |
| PO# NONE | UPS FREIGHT PHONE NUMBER | PICK UP DATE | ORIG | ADV CAR |
| | (800)333-7400 | 11/08/19 | DTR | BL# DNVSR1082323 |

13
DO NOT STACK SOME ITEMS
DO NOT STACK

**UPS Freight**℠   www.upsfreight.com

183 394 606

| #PCS | HM | PT | DESCRIPTION OF ARTICLES AND SPECIAL MARKINGS | WEIGHT(LBS) | NMFC | |
|---|---|---|---|---|---|---|
| | | | 2   PIECE(S) COUNTED AND VERIFIED ON | | | |
| | | | 1 SK   HANDLING UNIT(S) AND | | | *1 only Crate* |
| | | | 1 OT   HANDLING UNIT(S) WITH THE FOLLOWING: | | | |
| 1 | | SK | MACHINERY | 955 | 116030-06 | |
| 1 | | CR | MACHINERY | 427 | 116030-04 | |
| | | | 90.20% DISCOUNT | | | |
| | | | LTL FUEL ADJUSTMENT | | | |
| | | | * * * * ATTENTION  * * * * * | | | |
| | | | MATT YOSHA 1 303 466 0900 | | *Exception # 9* | |
| | | | BILL FREIGHT CHARGES TO: | | | |
| | | | BILL TO: 30983024 | | | |
| | | | PAGE 1 OF 2 | | | UPGF |

| CONTD | TTL PCS | PRINT NAME | | TTL WT > | | ODOM | ARRIVE | DEPART |
|---|---|---|---|---|---|---|---|---|
| | 1 cr | Matt Yosha | | | | 159 | 1650 | 1702 |
| PIECES DLVRD | | SIGNATURE | | FIRM | | | | |
| | | X → | | Laser | | | | |
| WRAP INTACT? | | RECEIVED THE ABOVE PROPERTY IN GOOD CONDITION EXCEPT AS NOTED | | | | DATE | DRIVER NAME | |
| YES NO? | | RECORD EXCEPTIONS & DESCRIPTIONS OF GOODS IN BODY OF FORM ABOVE | | | | 11-12 | Koux | |

EXHIBIT 2

183 394 606

| | | FREIGHT BILL NUMBER | | |
|---|---|---|---|---|
| | | 183 394 606 | | |
| | | CITY RTE/BYD SCAC | DEST | ADV CAR |
| PO# | UPS FREIGHT PHONE NUMBER | PICK UP DATE | ORIG | BL# |

**UPS Freight** ℠ (ups)   www.upsfreight.com

| #PCS | HM | PT | DESCRIPTION OF ARTICLES AND SPECIAL MARKINGS | WEIGHT(LBS) | NMFC | | |
|---|---|---|---|---|---|---|---|
| | | | UNISHIPPERS | | | | |
| | | | %CENTRAL BILLING | | | | |
| | | | PO BOX 6047 | | | | |
| | | | KENNEWICK          WA 99336 | | | | |
| | | | UPGF 81320 0000001 | | | | |
| | | | UPGF 560    03/31/14    F  25709 | | | | |
| | | | | | | | |
| | | | **PAGE 2 OF 2** | | | | |

| 2 <TTL PCS | PRINT NAME | | TTL WT> | 1382 | ODOM | ARRIVE | DEPART |
|---|---|---|---|---|---|---|---|
| PIECES DLVRD | SIGNATURE X | | FIRM | | DATE | DRIVER NAME | |
| WRAP   INTACT? | RECEIVED THE ABOVE PROPERTY IN GOOD CONDITION EXCEPT AS NOTED | | | | | | |
| YES     NO? | RECORD EXCEPTIONS & DESCRIPTIONS OF GOODS IN BODY OF FORM ABOVE | | | | | | |